**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. |
| ) | 5:17-0036-JMH-MAS |
| v. ) | and |
| ) | Civil Action No. |
| MIGUEL DAVID AYALA, ) | 5:19-0442-JMH-MAS |
| ) | |
| Defendant/Movant. ) | **SUPPLEMENT TO REPORT AND** |
| ) | **RECOMMENDATION [DE 111]** |

The undersigned, on referral from the presiding District Judge, previously issued a Report and Recommendation [DE 111] recommending denial in full of Defendant Miguel David Ayala's ("Ayala") claims for collateral relief. The Court enters this brief supplemental recommendation to clarify the record concerning Ayala's prior requests for a hearing and for appointment of counsel.[1]

**1.     Motion for a Hearing**

Rule 8 of the Rules Governing Section 2255 Proceedings requires the Court to "review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule

---

[1] During the briefing period for Ayala's § 2255 motion [docketed at DE 106], Ayala filed various related and overlapping requests—for deadline extensions and amendment opportunities, for a hearing on his motion, and for counsel appointment. [DE 106, 107]. The Court resolved the bulk of the requests but, given the mid-briefing posture, held in abeyance the hearing and counsel requests because of their substantive tie to the pending § 2255 motion's merits [DE 108]. At the conclusion of briefing, in its (original, pending) Report and Recommendation [DE 111], the Court outlined its reasoning supporting denial of each distinct claim raised in Ayala's § 2255 motion. Such analysis, comprising citations to the specific documents and records in the case that "conclusively show that the prisoner is entitled to no relief" on each separate claim, equally and fully forecloses hearing opportunity on the claims. It likewise defeats Ayala's related request for appointed counsel to represent him at such a hearing. Nonetheless, to ensure a complete and clarified record, the Court here extrapolates its DE 111 reasoning in these regards and expressly recommends denial of Ayala's lingering hearing and counsel appointment motions.

to determine whether an evidentiary hearing is warranted." The Court must hold an evidentiary hearing on any "§ 2255 motion in which a factual dispute arises." *Howard v. United States*, 485 F. App'x 125, 128 (6th Cir. 2012) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). However, where the "record conclusively shows that the petitioner is entitled to no relief[,]" *id.*, no hearing is required. *Accord Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (emphasizing that "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact") (internal quotation marks omitted). Consistent with its prior DE 111 findings, the Court concludes that the records in this case conclusively demonstrate that Defendant is not entitled to relief on any of his claims. Accordingly, a hearing is unwarranted, and the Court denies the request as to each asserted ground for relief.

The Court first addresses Ayala's ineffective assistance of counsel claims concerning his trial attorney, Hon. Thomas Lyons ("Lyons"). To establish a claim of ineffective assistance of counsel, Ayala must prove (1) that counsel's performance was deficient, and (2) that he suffered prejudice due to the deficiency. *Strickland v. Washington*, 466 U.S. 668, 685–87 (1984). A deficient performance showing requires proof that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687–88. A showing of prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the judicial outcome would have been different." *Id*. at 694–95. Ayala must satisfy both prongs to prevail on any such claim, and he must establish entitlement to relief by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Ayala first claimed that Lyons was ineffective (1) for failing to seek a competency evaluation and (2) for failing to explore an insanity defense.[2] Competency proceedings are appropriately requested and initiated only "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Relatedly, "to prove insanity—an affirmative defense that absolves a defendant of liability even if the defendant is factually guilty—a defendant must show, by clear and convincing evidence, that he was unable to appreciate the nature and quality or the wrongfulness of his acts." *United States v. Odeh*, 815 F.3d 968, 980 (6th Cir. 2016) (internal quotation marks omitted; *see* 18 U.S.C. § 17. Importantly, mental illness alone is insufficient to establish criminal insanity under § 17(a).

The records in this case conclusively show both that Lyons had no reasonable cause to believe that Ayala was not competent and that Lyons made a reasonable strategic choice not to pursue a likely unsuccessful insanity defense. Lyons's Affidavit in response to Ayala's § 2255 motion demonstrates, under oath, that Lyons perceived Ayala to be "articulate, lucid, [and] oriented," and Lyons represents that he and Ayala had extensive case strategy discussions surrounding trial. [DE 105-1 at Page ID # 896]. The sentencing, arraignment, and initial appearance transcripts corroborate Lyons's impression; at sentencing, Lyons described Ayala as "savvy" and likely able to maintain successful employment. [DE 79 at Page ID # 345]. Indeed, Lyons referenced Ayala's mental health records and history, including Ayala's history with

---

[2] Ayala relatedly claimed that the Court should have ordered a competency evaluation *sua sponte*, but the undersigned has recommended denial of that ground as procedurally defaulted, given Ayala's failure to raise the issue on direct appeal. The record lacks any sufficient basis for excusing the procedural default.

3

substance use disorder, demonstrating his complete understanding and review of these factors as they related to Ayala's criminal case. Ayala further confirmed his understanding of the nature of the proceedings and charges against him at his initial appearance and arraignment. [DE 80, 81]. Nor is there any evidence that Ayala instructed Lyons to pursue a Rule 12.2 insanity theory (and, indeed, Lyons affirms that Ayala instructed him to pursue other defenses). [DE 105-1].

All of these records in the case show that Lyons had no reason to believe that Ayala was incompetent or that an insanity defense was appropriate; Lyons thus was not unreasonable in declining to pursue those theories. Further, there is no evidence in the record that either a competency proceeding or an insanity defense would have been successful or changed the overall case outcome. The records referenced here and in DE 111 flatly contradict Ayala's contrary, conclusory assertions. Ayala is not entitled to relief or to a hearing on these claims.

Ayala next claimed that Lyons was ineffective for failing to successfully exclude at trial a recording of a phone call between Ayala and his then-wife that occurred while Ayala was in custody. Ayala objected to use of the call based on spousal privilege, but the District Judge concluded that Ayala was on notice that the call was not confidential both because Ayala's then-wife answered on speaker phone, in the presence of agents, and because Ayala would have been on notice at the jail generally via signage that his calls were monitored. Ayala raised this issue on direct appeal, arguing that he was unaware that he was on speaker phone, and that he made the call from a booking area of the jail that lacked signs regarding call monitoring. The Court of Appeals found that the record lacked proof to support Ayala's factual claim and opined that the error, if any, was defense counsel's in failing to place that evidence in the record. [DE 90 at Page ID # 815].

4

As discussed in DE 111, however, this "error" (to the extent it was one) does not establish a constitutional violation. As the record confirms, Lyons strenuously objected, through motion practice and at trial, to use of the recording and ultimately limited its duration for trial purposes. [DE 28 (Motion *in Limine*); DE 47; DE 85]. Lyons fully explored and pursued this issue, and he was not constitutionally ineffective for achieving less than a perfect outcome. *See, e.g.*, *Crisman v. United States*, No. 1:15-CR-00461, 2021 WL 268852, at *2 (N.D. Ohio Jan. 27, 2021) (concluding that counsel's unsuccessful litigation of a key issue was not objectively unreasonable representation). Nor has Ayala shown that Lyons unreasonably failed to discover that the call originated in the booking area. Lyons stated under oath that Ayala did not inform him that the call originated in the booking area, as Ayala now claims, despite full discussion and litigation of the issue at the trial court level. [DE 105-1 at Page ID # 899]. Ayala has offered no concrete facts to legitimately refute Lyons's representations. He thus cannot carry his evidentiary burden of establishing entitlement to a relief by a preponderance. The records of this case show that Ayala cannot establish Lyons's deficient performance on the current facts. Additionally, there is no indication that Ayala could further show prejudice, as the District Court has dual bases for rejecting the spousal privilege argument, as referenced by the Court of Appeals in its affirmance. Accordingly, Ayala is not entitled to a hearing on his spousal privilege claim.

Third, Ayala argues that Lyons failed to provide him with certain discovery materials, namely, photographs and video evidence from surveillance footage depicting Ayala after the offense. Lyons, however, via his Affidavit, states that he provided Ayala with the relevant discovery and attaches two letters confirming that he sent it to Ayala via postal mail in April 2017. [DE 105-1; DE 105-2; DE 105-4]. Though Ayala states that he was unable to view some of the footage at the detention facility due to technical issues, he does not represent that he informed

5

Lyons that he was unable to view the footage, and Ayala offers no facts to support his speculation that Lyons may not have sent all of the materials. Accordingly, these records show that Ayala cannot demonstrate Lyons's deficient performance in this context, and no hearing is appropriate.

Moreover, Ayala cannot establish prejudice stemming from his purported inability to view the surveillance video and/or photographs before trial. As discussed in DE 111, Ayala specifically claims that he would have perhaps accepted a plea offer—and, in particular, the United States' mid-trial offer of 100 months' incarceration—had he understood the video and photographic evidence against him. However, at the time of the 100-month plea offer, the Government had already played the relevant surveillance footage for Ayala and all present in the course of the trial. [DE 85 at Page ID # 699]. Accordingly, at least by the time Ayala was faced with the decision he cites as prejudicial in his § 2255 motion, Ayala had already indisputably viewed the discovery he claims he had been missing. This chronology, confirmed in the trial records, forecloses Ayala's ability to demonstrate that he was prejudiced by Lyons's alleged failure to provide discovery. For these reasons, the records in this case show that Ayala cannot establish either *Strickland* prong with respect to the discovery issues and demonstrate that a hearing on them is unwarranted.

Ayala's fourth § 2255 claim argues that Lyons was ineffective for misunderstanding the time zones of certain call records used as evidence in the case and failing to realize the discrepancies until trial. Lyons, for his part, disagrees with Ayala's version of events, stating that he and Ayala discussed the time zone issues prior to trial. [DE 105-1]. Regardless of the outcome on that factual question, the records of this case conclusively show that Ayala cannot establish any prejudice stemming from the time zone discrepancies. The trial transcripts confirm that Lyons thoroughly cross-examined the Government's expert on the cell phone records, including the call times. [DE 85 at Page ID # 641–47]. Ayala thus cannot establish that any initial mistake or

6

misunderstanding concerning the call records and times prejudiced him at trial, as Lyons addressed the issue during the trial itself, as evidenced by the cross-examination transcript. Ayala thus is not entitled to a hearing on this claim.

Similarly, the records foreclose Ayala's ability to show prejudice on his fifth claim, arguing that Lyons was ineffective for failing to object to Ayala's presence during the mid-deliberation replay of the surveillance footage for the jury. Regardless of whether Lyons was unreasonable for failing to object, the records in this case show that Ayala cannot establish that the outcome of the trial would have been different had Lyons successfully objected to Ayala's presence. As thoroughly discussed in DE 111, Ayala had previously been physically present during trial when the Government played the video as a part of its case-in-chief. At that point, and during the entire duration of the trial, the jury had ample opportunity to view Ayala's physical features and compare them with the person depicted in the footage. Ayala presents no persuasive or factually supported basis for concluding that, nonetheless, the jury's viewing of Ayala during the mid-deliberation replay was the catalyst in its identification of him as the perpetrator of the offense. Such reasoning is counterintuitive, unsupported by more than speculation, and inconsistent with the progression of events as established via the trial transcripts. Accordingly, the records in this case conclusively show that Ayala cannot establish prejudice—and, thus, that he cannot establish a *Strickland* violation—and that no hearing on this claim is warranted.

Ayala's sixth and last claim concerning trial counsel argues that counsel was ineffective for failing to object to Ayala's then-wife's in-court identification of him during trial. The record, however, clearly establishes that Lyons *did* raise the issue, fully argue it, and preserve it for appeal (despite a loss at the trial level). [DE 37; DE 48]. As noted, raising an argument and losing on its merits does not indicate deficient attorney performance in the § 2255 scheme. That Lyons declined

7

to re-raise the unsuccessful and already preserved objection at trial was facially reasonable, and Ayala has presented no evidence or facts to the contrary. Moreover, given the argument's preservation for appeal purposes, Ayala cannot possibly point to prejudice that resulted from any failure to again raise the objection during the trial itself. The liminal motion and ruling [DE 37, 48], present in the record of this case, clearly demonstrate that Ayala cannot establish constitutionally ineffective assistance or hearing entitlement as to this claim.

Lastly, Ayala also argues that his appellate counsel, Hon. Jessica Winters, was ineffective for mischaracterizing a witness's passing reference to a handgun, misrepresenting it as a revolver in her appellate brief. Consistent with the DE 111 analysis of this issue, and regardless of the essentially typographical error's triviality (that doubtfully was objectively unreasonable under the circumstances), the appeal records unequivocally demonstrate that the error had absolutely no impact on the outcome of Ayala's appeal. Notably, the Sixth Circuit panel explicitly noted the misstatement, corrected the mischaracterization and clearly confirmed its correct understanding of the facts, and then proceeded to fully analyze (and reject) Ayala's substantive argument on appeal. [DE 90 at Page ID # 822–23]. Given the Sixth Circuit's undeniable acknowledgement and correction of the issue in the course of its ruling, Ayala cannot establish that it impacted the proceeding in any way or prejudiced him. The appeal records thus foreclose relief on this claim and likewise foreclose hearing need or opportunity.

**2.   Motion for Appointment of Counsel**

"If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing Section 2255 Proceedings. For the reasons thoroughly explained *supra*, the Court views an evidentiary hearing as unwarranted under the Rules and based on the records in

this case.  Counsel appointment in connection with any such hearing is thus likewise unjustified under the Rules.

As a general matter, there is no categorical right to counsel in § 2255 proceedings.  *United States v. Augustin*, 16 F.4th 227, 233 (6th Cir. 2021).  Nonetheless, per § 3006A's authority, courts still may appoint counsel in § 2255 proceedings if "the interests of justice so require" based on such factors as "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims," among other things.  *Id.* at 234.  This case is neither legally nor factually complex.  Ayala was able to fully raise, present, and brief his arguments for collateral relief.  As fully outlined here, Ayala's claims largely rest either on speculation or on perceived facts otherwise contradicted by the hearing transcripts and other filings in the record.  There is no indication in the record that Ayala has been unable to fully explore or present legal or factual arguments during these proceedings.  And, as thoroughly discussed, Ayala's claims fail on consideration of their merits, and the Court recommends that the District Judge deny them without need for an evidentiary hearing.  Counsel appointment is thus inappropriate and unnecessary at this stage.

For the reasons discussed, the Court supplements pending DE 111 and formally **RECOMMENDS** that the District Judge **DENY** Ayala's requests for a hearing and for counsel appointment, as embedded in Ayala's DE 106 Motion and as previously held in abeyance per DE 108.  All other recommendations in DE 111, including the recommended denial of a certificate of appealability ("COA"), persist.[3]

---

[3] The undersigned extends such COA recommendation to its here-recommended denial of the hearing and counsel requests.  Given the patently meritless substantive issues raised in Ayala's § 2255 motion, per the records in this case and the accompanying appeal, no reasonable jurists could debate whether a hearing and/or counsel appointment is warranted.

9

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, **within fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.

Entered this the 15th day of December, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge