UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**MIGUEL DAVID AYALA,** )<br>)<br>    **Defendant.** )<br>) | Criminal Case No.<br>5:17-cr-36-JMH-1<br><br>**MEMORANDUM OPINION<br>and ORDER** |

\*\*\*   \*\*\*   \*\*\*

Defendant Miguel David Ayala has moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (DE 96). Pursuant to local practice, the motion was referred to a United States Magistrate Judge for review under 28 U.S.C. § 636(b)(1)(B). This matter is now before the Court on the magistrate judge's report and recommendation (DE 111), as well as the magistrate judge's supplement to the report and recommendation (DE 115), and Ayala's objections (DE 112). However, because it plainly appears from the record in this case that Ayala is not entitled to the requested relief, the Court **DISMISSES** his motion to vacate, with prejudice, and **DENIES** all other related motions. The Court also **REFUSES** to issue a certificate of appealability.

### I.   Background

On May 25, 2017, a jury found Ayala guilty of robbing a pharmacy in violation of 18 U.S.C. § 2189(a)(1), and possession

with the intent to distribute hydrocodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). (DE 20 & 59). Ayala was sentenced to 150 months of imprisonment with 3 years of supervised release to follow. (DE 70). The Sixth Circuit affirmed Ayala's conviction on appeal. (DE 90 & 92).

Ayala, proceeding *pro se*, then filed a motion seeking relief under 28 U.S.C. § 2255. (DE 96). Ayala's motion contained six claims for relief against his trial attorney, Thomas Lyons, premised on the ineffective assistance of counsel theory. Paraphrased, Ayala argues that Mr. Lyons failed to: (1) request a competency evaluation; (2) object to the admission of a recorded phone call between Ayala and his wife; (3) provide certain discovery materials; (4) investigate certain cell phone records evidence; (5) object to the deliberation of the jury in his presence; and (6) object to the in-court identification of him by a witness. (DE 96 at 4-14). Ayala also challenges the representation of his appellate counsel, Jessica Winters. In his motion, he argued that she:

> mis-state[d] the very fact her whole argument hinged upon when arguing the dangerous weapon claims/ 3 point level enhancement at sentencing. Attorney Winters basically made a huge mistake and "mis-stated" the argument in her brief to [the] 6th Circuit. Revolver vs. Handgun. This deprives me of meaningful appelate [sic] review. Someone should be appointed to see if Attorney Winters's [sic] missed anything else that could've been appealed on direct.

(*Id*. at 9-10). Of this claim, Judge Stinnett stated that Ayala "seem[ed] to be referencing a minor error in the appellate brief." (DE 111 at 13).

> In the section challenging Ayala's sentencing enhancement for brandishing or possessing a firearm during the crime, Winters wrote that Palmer testified she saw Ayala with a "revolver," when in fact, Palmer testified: "it wasn't a revolver. It looked like a normal gun." [[Brief of Defendant-Appellant, *United States v. Ayala*, (No. 17-6023) 2017 WL 6988019 at *47 (6th Cir. 2017)]; DE 85 at Page ID # 657].

*Id.*

Judge Stinnett addressed all of Ayala's claims for relief and recommended that Ayala's § 2255 motion be dismissed upon initial review and that no certificate of appealability issue. (DE 111). Judge Stinnett also filed a Supplement to this Report in order to clarify the record concerning Ayala's prior requests for a hearing and for appointment of counsel. (DE 115).

Ayala has filed objections[1] to the magistrate judge's recommended disposition on all grounds for relief. Ayala's objections do not specifically contest any finding of the magistrate judge, but rather add more detail to his original claims

---

[1] Ayala captions his objections as a formal "Motion" for the district court to review de novo all portion of Judge Stinnett's recommendations, among other things. (DE 112). However, the Court colloquially refers to Ayala's requests as a review of objections pursuant to 28 U.S.C. § 636(b); the Court engages in such analysis whenever a Defendant highlights certain concerns and seeks further review after the Magistrate Judge's recommendation is issued.

for relief. The Court having received Ayala's objections, the matter is now ripe for the Court's review.

## II. Standard of Review

This Court performs a de novo review of those portions of the magistrate judge's report and recommendation to which the defendant has objected. *See* 28 U.S.C. § 636(b). The Court, however, is not required to perform a de novo review of any unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).

Because Ayala is proceeding *pro se*, the Court will review his objections under a more lenient standard than the one applied to attorneys. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). However, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are [also] improper." *United States v. David*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019).

## III. Analysis

The Court concludes there are two main objections to the magistrate judge's report and recommendation, which found that Ayala did not receive ineffective assistance of counsel.

The standard for ineffective assistance of counsel articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), requires that a prisoner show (1) that his "counsel's performance was deficient measured by reference to 'an objective standard of reasonableness'" and (2) "resulting prejudice, which exists where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016) (quoting *Strickland*, 466 U.S. at 688, 694).

"To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Courts have "declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). Still, a court's review of this prong includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Petitioner carries the burden of establishing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Prejudice results from a deficient performance when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting Strickland, 466 U.S. at 693).

Meeting "*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The standard "must be applied with scrupulous care, lest 'intrusive post- trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. "Even under de novo review, the standard for judging counsel's representation is a most deferential one" because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id*. The Court addresses each of Ayala's objections to the report and recommendation in turn.

**A.    First Objection**

The magistrate judge found that attorney Lyons was not ineffective for failing to identify an alleged mental incompetency and request a psychological evaluation to determine Ayala's competency to stand trial. (DE 111 at 3). In so finding, the magistrate judge found that Ayala did not meet his burden of showing that counsel performed deficiently, nor that he was prejudiced.

In his objections, Ayala mentions his mental health history and largely contends that any attorney would have reasonably requested a psychological evaluation given Ayala's knowledge of a "long" mental health history. (DE 112 at 2). However, just because a defendant has a history of mental health does not simply bestow grounds for his attorney to request a competency evaluation. As the magistrate judge previously stated, mental illness (and substance abuse) "are not equivalent to mental incompetency pursuant to 18 U.S.C. § 4241(a)." (DE 111 at 5). Lyons was aware of Ayala's past issues, with both mental health and substance abuse, and argued that the Court should consider those as mitigating factors at sentencing. (*See e.g.*, DE 79 at 10-11, 14).

Further, in Lyons' Affidavit attached to the Government's Response (DE 105-1), Lyons very succinctly states that he "never observed any indicia of competency issues in his interactions with Ayala (*Id.*, ¶ 8). He goes on to explain that:

> During all interviews/meetings with Ayala, Affiant noted that the Defendant was articulate, lucid, oriented and had a firm grasp of the case against him. He never displayed any conduct which would cause counsel to believe that he did not understand the proceedings against him, was confused about the charges (or potential penalties), or demonstrated an inability to fully comprehend and intelligently participate in his own defense. In fact, Affiant noted that Ayala was savvy regarding criminal prosecutions (based on past interactions with the legal system), intelligently discussed and strategized with counsel regarding his defense, and understood fully the risks of proceeding to trial.

(*Id.*).

The magistrate judge, too, evaluated Ayala's statements in the record, as well as the Affidavit from counsel, and concluded that there was no reason to believe that Ayala could be mentally incompetent, as defined in 18 U.S.C. § 4241(a), and thus, Lyons could not be ineffective for not seeking to have Ayala evaluated by a psychiatrist and/or psychologist to assess his competency.

Finally, to the extent that Ayala alleges the Court should have *sua sponte* ordered a competency evaluation of him (DE 112 at 2), and that it had a "responsibility" to do so, as the undersigned "presided over [a previous] violation hearing and heard the testimony of west care staff" (*id.*), the Court does not deem this to be a proper objection because Ayala did not raise it as a claim in his § 2255 motion. He further did not raise this issue on direct appeal; thus, the Court finds the claim is procedurally defaulted.

*See Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). In any case, the Court finds that there was no reasonable cause to believe that Ayala may have been presently "suffering from a mental disease or defect rendering him mentally incompetent" such that he was unable "to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

Ayala does not present any facts or evidence to suggest that his lawyer's performance was deficient or that he suffered any prejudice as a result of the competency issue not being explored. Thus, the Court finds that Ayala's objections are meritless and that there is no relief available to him on the theory that he was provided ineffective assistance of counsel on this claim.

**B.   Second Objection**

The magistrate judge also found that no error was committed on the issue of spousal privilege. (DE 111 at 7-8). During Ayala's trial, after a hearing was held on the issue, the Court allowed the United States to play portions of a telephone call that Ayala's then-wife, Diana Palmer, received from him at the jail. (*See generally* DE 85 at 165).

On appeal, Ayala argued that the recording was privileged as a confidential marital communication, and that the Court had "erroneously allowed the admission of privileged recordings of his phone conversation with Palmer." (*United States v. Ayala*, 766 F.

App'x. 499, 506-07 (6th Cir. 2018) (DE 90 at 10)). In its analysis of this claim, the Sixth Circuit stated that the court had

> relied on two grounds in finding the recording admissible: that Palmer took the call on speakerphone in the presence of police officers, and that Ayala placed the call while in jail and on notice that his calls would be monitored. (*Id*. at 10-11).

(*Id*.). Now, regarding the latter, in his § 2255 motion Ayala argues that Lyons was ineffective for failing to do his due diligence to determine where the call had originated. He contends that his call had originated from the jail phone reserved for attorney calls in the booking area, and *not* the phone in the housing unit.

Prior to its admission, Lyons strenuously objected to introduction of the recordings, filing a motion in limine and arguing on his client's behalf at a motion hearing (DE 47), and again arguing against its admission at the trial (whereupon Lyons did gain some success in limiting some portions of the recording (*see* DE 85 at 56-60)).

Here, Ayala merely attempts to explain his claim further and alleges that Lyons *did* know where the call originated because he told him. (DE 112 at 3). However, there is no evidence, nor does Ayala allege, that he previously told Lyons exactly where the call originated. The Court is unclear as to what exactly Ayala is objecting to as to this claim. He also fails to provide any evidence to support his contention.

Upon review, the Court finds that Ayala's "objection" is meritless. Lyons acted properly in seeking to limit the introduction of the recording at trial. The Court finds that no error occurred. As the magistrate judge previously stated, "Lyons vigorously pursued the issue based upon his understanding and Ayala's communication of the facts. (DE 111 at 8). The Court finds no error.

**C. Other objections**

The remaining of Ayala's objections to the Court are vague; the Court is unaware if they should even be classified as objections.[2] First, Ayala appears to assert that the Court should hold an evidentiary hearing because it would give him the opportunity to review discovery that he never had a chance to review. (DE 112 at 3-4). He does not explain what the purpose of reviewing such discovery would serve now, or how his case would have been altered by such review of this discovery in the past.

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of

---

[2] As a final objection, Ayala briefly mentions the representation of his appellate attorney, Jessica Winters. Ayala states that he had used the mistake she made in her brief solely "to illustrate the fact that she made such a glaring mistake" and submits that there were other substantive issues he could have raised. The Court does not perceive this to be a valid objection. *See Howard v. Sec'y of Health and Human Serv.,* 932 F.2d at 505, 509, (An "objection[] must be clear enough to enable the district court to discern those issues that are dispositive and contentious. ").

fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

Here, to the extent Ayala argues that an evidentiary hearing should be held at this stage, because the record refutes the factual allegations made by Ayala and conclusively shows that he is **not** entitled to § 2255 relief, the Court will not hold such a hearing. *See e.g.*, *Arredondo*, 178 F.3d at 782.

On a similar note, the Court will not appoint Ayala counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel in the Court's discretion; however, it is justified only in exceptional circumstances. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Ayala's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case and given Ayala's savviness and ability to represent himself

in this post-conviction proceeding thus far, the assistance of counsel is not necessary.

### IV. Certificate of Appealability

"A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (discussing development of the standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting the requirement of "individualized assessment of … claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)).

Ayala has not made a "substantial showing" as to any claimed denial of rights. The Court finds his allegations and objections to the magistrate judge's recommendations are meritless. No reasonable jurist would find the Court's determination to be wrong or debatable. As a result, no certificate of appealability shall issue.

## V. Conclusion

For the reasons outlined in this Opinion and in the United States Magistrate Judge's report and recommendation and supplement, the Court HEREBY ORDERS that:

1) Magistrate Judge Stinnett's Report and Recommendation and Supplement (DE 111 & 115) are ADOPTED and INCORPORATED, in full;

2) Defendant's objections (DE 112) are OVERRULED;

3) Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE 96) is DENIED with prejudice;

4) Defendant's remaining motions (DE 106) are DENIED;

5) A Certificate of Appealability SHALL NOT BE ISSUED because Ayala has failed to make a substantial showing of the denial of a constitutional right;

6) A Judgment will be entered contemporaneously with this Order.

Dated this 29th day of July, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge